IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPSTACK PARTNERS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1428-JLH |
| | ) |
| CAPSTACK TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Pending before me is Defendant's Motion to Dismiss Pursuant to Fed R. Civ. P. 12(b)(6) (D.I. 17). Having reviewed the briefs (D.I. 18, 22, 26) and the relevant authorities, the Motion to Dismiss (D.I. 17) is GRANTED.

1. Plaintiff CapStack Partners LLC conducts business in the banking and financial services fields. (D.I. 2 (Compl.) ¶ 2.) Plaintiff alleges that it has trademark rights related to the mark "CapStack Partners." (*Id.* ¶¶ 7–12.) Defendant operates under the name CapStack Technologies. (*Id.* ¶ 3.)

2. On December 15, 2023, the parties entered into an agreement to resolve a trademark infringement dispute. (D.I. 2, Ex. E ("Agreement").) The "Recitals" section of the Agreement states that the parties "mutually desire . . . to resolve any and all past, present and foreseeable future conflicts between themselves related to the use of 'CAPSTACK.'" (*Id.*) In Paragraph 2 of the Agreement, titled "Trademark License," Plaintiff grants Defendant "a royalty free . . ., perpetual, . . . and irrevocable license to use the CapStack Trademarks in connection with the CapStack Technologies Goods and Services," where "CapStack Trademarks" is defined in Paragraph 1 as "any and all common law trademark rights or rights obtained through federal or state trademark registration of the mark CAPSTACK and its formatives (e.g., CAPSTACK

PARTNERS, CAPSTACK TECHNOLOGIES),"  and "CapStack Technologies Goods and Services" is defined as "CapStack Technologies [Inc.'s] future offering of an integrated operating system for banks and financial services as well as all other related products and services." (*Id*.) Notwithstanding the broad trademark license set forth in Paragraph 2, the parties agree in Paragraphs 3, 4, and 5 to certain restrictions on their respective uses of "CAPSTACK" in connection with their businesses. Paragraph 9 of the Agreement provides as follows:

> 9. **Notice and Cure.** To the extent that either Party believes the other has breached any term of this Agreement, for each specific incident of alleged breach, the notifying Party shall notify the other in writing within thirty (30) days of discovering the alleged breach, detailing the alleged breach. Within thirty (30) days of receiving such notice, the breaching Party shall cure the alleged breach and provide documentation of the same. If the alleged breach is cured within the thirty (30) day period, then the breaching Party will not be in breach of this agreement and the notifying Party will have no legal or equitable cause of action for such claim. If the breaching Party fails to cure the breach within thirty (30) days, the notifying Party can pursue all available remedies under applicable law.

Paragraph 10 of the Agreement specifies how notice must be made.

2. Plaintiff's Complaint alleges that, in November 2024, it became aware that Defendant was violating the Agreement by using the term "CapStack" in ways that weren't permitted by the Agreement. (Compl. ¶¶ 22–24.) Count I alleges breach of the Agreement. Counts II–VII allege federal and state trademark (and related) claims, all stemming from Defendant's alleged use of "CapStack."

3. Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P 12(b)(6). (D.I. 17.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

4. Defendant contends that all the claims should be dismissed for failure to state a claim. I agree.

5. Count I alleges that Defendant breached Paragraphs 3–5 of the Agreement by marketing itself using the stand-alone term "CapStack," by using the term "CapStack" to brand its new business lines "CapStack Analytics" and "CapStack Loan Services," and by failing to change its email addresses to "@capstack.ai" addresses. Defendant argues that Count I should be dismissed because Plaintiff failed to comply with Paragraph 9 of the Agreement before filing suit. I agree with Defendant. The Complaint does not allege that Plaintiff complied with Paragraph 9. And there is no dispute that Plaintiff failed to send notice to the appropriate individuals in the specified manner before filing suit, as required by Paragraph 9. Although Plaintiff contends that it "substantially complied" with Paragraph 9 by sending an email to Defendant's principal (D.I.

22, Ex. B), that communication did not "detail the alleged" breach, as required by Paragraph 9.[1] Accordingly, Count I will be dismissed without prejudice.

6. All the federal and state claims set forth in Counts II–VII arise from Defendant's alleged use of "CapStack" in connection with its business. But the Agreement grants Defendant a royalty free . . ., perpetual, . . . and irrevocable license to use" the term CapStack "in connection with the CapStack Technologies Goods and Services." The Complaint contains no plausible factual allegations to suggest that Defendant's conduct falls outside the scope of that license grant.[2] Counts II–VII will be dismissed without prejudice.

For the reasons discussed above, IT IS HEREBY ORDERED THAT:

A. Defendant's Motion to Dismiss (D.I. 17) is GRANTED.

B. Plaintiff's Complaint (D.I. 2) is DISMISSED without prejudice. Plaintiff is granted leave to amend within 14 days.

Dated: September 5, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[1] The only alleged breach that was "detail[ed]" in the email to Defendant's principal was Defendant's use of a "@capstack.com" email address, which Plaintiff appears to agree was remedied within 30 days. (D.I. 22 at 16, Ex. B.)

[2] For example, although the Complaint alleges that Plaintiff granted Defendant a license "based on assurances that there was not confusion because the parties were not competing and were operating different lines of business" (Compl. ¶ 22), the Complaint does not allege that Defendant has used CapStack in connection with something that does not fall within the definition of "CapStack Technologies Goods and Services."